IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RODNEY A. HURDSMAN, on behalf, of himself and all others similarly situated,** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:22-cv-0254-RP-DH** |
| **MIKE GLEASON, Sheriff of Williamson County, Texas; COUNTY OF WILLIAMSON, Texas; COLLECT SOLUTIONS IC GROUP; and INMATE CALLING SOLUTIONS, d/b/a ICSolutions,** | § § § § § § § | **JURY TRIAL REQUESTED** |
| **Defendants.** | § § § § § | |

## COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

TO THE UNITED STATES DISTRICT JUDGE:

     Defendants **SHERIFF MIKE GLEASON** ("Sheriff Gleason") and **WILLIAMSON COUNTY, TEXAS** ("the County Defendants") submits its Answer to Rodney A. Hurdsman's ("Plaintiff") Amended Complaint ("Amended Complaint").[1]  In support of this Answer, the County respectfully shows the Court as follows:

---

[1] Dkt. No. 17.

## I.  COUNTY DEFENDANTS' ANSWER

The County Defendants respond to the allegations in Plaintiff's Amended Complaint by correspondingly numbered and named sections.  All allegations not specifically admitted are denied.

## CIVIL RIGHTS AMENDED COMPLAINT

1.      The County Defendants admit that Plaintiff brings this lawsuit pursuant to 28 U.S.C. § 1983 as set forth in Paragraph 1.  The County Defendants deny the remaining allegations set forth in Paragraph 1; deny they violated Plaintiff's civil rights; and deny that Plaintiff is entitled to any relief.

2.      The County Defendants only admit that Plaintiff brings this lawsuit pursuant to *Monell v. New York Department of Social Services*, 436 U.S. 685 (1978) as set forth in Paragraph 2.  The County Defendants deny the remaining allegations set forth in Paragraph 2; deny they violated Plaintiff's civil rights; and deny that Plaintiff is entitled to any relief.

3.      The County Defendants only admit that Plaintiff brings this lawsuit pursuant to the Federal Wiretap Act 18 U.S.C. § 2511(1); the Unlawful Interception, Use or Disclosure of a Wire, Oral or Electronic Communication; and Article § 16.02(b) of the Texas Penal Code. The County Defendants deny the remaining allegations set forth in Paragraph 3; deny they violated any state or federal laws; and deny that Plaintiff is entitled to any relief.

4.      The County Defendants only admit that Plaintiff brings this lawsuit pursuant to Texas State invasion of privacy and/or business and professions laws.  The County Defendants deny the remaining allegations set forth in Paragraph 4; deny they violated any state or federal laws; and deny that Plaintiff is entitled to any relief.

5.      The County Defendants only admit that Plaintiff seeks compensatory and punitive damages as well as attorney fees and other costs, but the County Defendants deny that Plaintiff is entitled to any relief.

## JURISDICTION

6.      To the extent Paragraph 6 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.  The County Defendants are not currently contesting that this Court has jurisdiction over the subject matter of the claims alleged in Plaintiff's Amended Complaint but reserve the right to do so if warranted.  The County Defendants deny any remaining allegations contained in Paragraph 6.

7.      To the extent that Paragraph 7 contains legal conclusions, no responsive pleading is required, and thus, those allegations are denied. The County Defendants are not currently contesting that this Court has supplemental jurisdiction over the subject matter of the state law claims alleged in Plaintiff's Amended Complaint but reserve the right to do so if warranted.  The County Defendants deny any remaining allegations in Paragraph 7.

## VENUE

8.      To the extent Paragraph 8 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.  The County Defendants state that they are not contesting venue in this district and division.   The County Defendants deny any remaining allegations contained in Paragraph 8.

## PARTIES

9.      The County Defendants admit that Plaintiff is currently confined in the Texas Department of Criminal Justice at the Robertson Unit located at 12071 F.M. 3522, Abilene,

Texas.  The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in Paragraph 9 and, therefore, deny these allegations.

10.    The County Defendants deny the allegations as set forth in Paragraph 10; deny Plaintiff is a proper class representative; and deny that class certification for this lawsuit is proper.

11.    The County Defendants admit that Sheriff Gleason is the current Sheriff of Williamson County, Texas and his office is located at 508 S. Rock Street, Georgetown, Texas.  The County Defendants deny the remaining allegations as set forth in Paragraph 11.

12.    The County Defendants admit that Williamson County, Texas is a Texas county that operates the Williamson County Corrections Facility in Georgetown, Texas.  The County Defendants deny the remaining allegations as set forth in Paragraph 12.

13.    The County Defendants admit that Inmate Calling Solutions, d/b/a ICSolutions (named as "John Doe inmate telephone contract service providers" in Plaintiff's Original Complaint) was a contractor for the County from 2014 through December 12, 2018. The County Defendants deny the remaining allegations as set forth in Paragraph 13.

14.    The County Defendants admit that Sheriff Gleason is the current Sheriff of Williamson County, Texas and, at other times relevant to this Amended Complaint, he was an employee of the Williamson County Sheriff's Office.  The County Defendants deny the remaining allegations as set forth in Paragraph 14.

15.    The County Defendants admit that Sheriff Gleason is the current Sheriff of Williamson County, Texas and, at other times relevant to this Amended Complaint, he was

an employee of the Williamson County Sheriff's Office.  The County Defendants deny the remaining allegations as set forth in Paragraph 15.

16.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and, therefore, deny these allegations.

17.     The County Defendants admit that Sheriff Gleason is the current Sheriff of Williamson County, Texas and, at other times relevant to this Amended Complaint, he was an employee of the Williamson County Sheriff's Office.  The County Defendants deny the remaining allegations as set forth in Paragraph 17.

18.     The County Defendants admit that Williamson County, Texas operates the Williamson County Corrections Facility.  The County Defendants deny the remaining allegations as set forth in Paragraph 18.

19.     The County Defendants deny the allegations set forth in Paragraph 19.

20.     To the extent paragraph 20 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

## REQUEST FOR CERTIFICATION

21.     The County Defendants admit that Plaintiff seeks class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure but deny that Plaintiff is a proper representative of a class and deny that this lawsuit is suitable for class certification.  The County Defendants deny the remaining allegations as set forth in Paragraph 21.

22.     The County Defendants admit that Plaintiff seeks class certification but deny the remaining allegations as set forth in Paragraph 22.

23.     The County Defendants are without sufficient information to form a belief about the truth of the remainder of the allegations in paragraph 23, therefore, those allegations are denied.

24.     The County Defendants deny the allegations set forth in Paragraph 24.

## JURY TRIAL DEMAND

25.     As to Paragraph 25, the County Defendants join Plaintiff's request for a jury trial and believes that right has been asserted and preserved.

## FACTS COMMON TO ALL COUNTS

26.     The County Defendants admit Plaintiff was released from the Williamson County Corrections Facility on July 7, 2017 but he was booked on April 28, 2015.

27.     The County Defendants deny the allegations as set forth in Paragraph 27.

28.     The County Defendants deny the allegations as set forth in Paragraph 28.

29.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 29 and, therefore, deny these allegations.

30.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 30 and, therefore, deny these allegations.

31.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 31 and, therefore, deny these allegations.

32.     The County Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations as set forth in Paragraph 32 and, therefore, deny these allegations.

33.    The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 33 and, therefore, deny these allegations.

34.    The County Defendants deny the allegations as set forth in Paragraph 34.

35.    The County Defendants deny the allegations as set forth in Paragraph 35.

36.    The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 36 and, therefore, deny these allegations.

37.    The County Defendants deny the allegations as set forth in Paragraph 37.

38.    The County Defendants deny the allegations as set forth in Paragraph 38.

39.    The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 39 and, therefore, deny these allegations.

40.    The County Defendants deny the allegations as set forth in Paragraph 40.

41.    The County Defendants deny the allegations as set forth in Paragraph 41.

42.    The County Defendants deny the allegations as set forth in Paragraph 42.

43.    The County Defendants deny the allegations as set forth in Paragraph 43.

44.    The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 44 and, therefore, deny these allegations.

45.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 45 and, therefore, deny these allegations.

46.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 46 and, therefore, deny these allegations.

47.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 47 and, therefore, deny these allegations.

48.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 48 and, therefore, deny these allegations.

49.     The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 49 and, therefore, deny these allegations.

50.     The County Defendants deny the allegations as set forth in Paragraph 50.

51.     The County Defendants deny the allegations as set forth in Paragraph 51.

52.     The County Defendants deny the allegations as set forth in Paragraph 52.

53.     The County Defendants deny the allegations as set forth in Paragraph 53.

54.     The County Defendants deny the allegations as set forth in Paragraph 54.

55.     The County Defendants deny the allegations as set forth in Paragraph 55.

## FEDERAL CLAIMS

56.     To the extent paragraph 56 requires a response, the County Defendants reiterate their admissions and denials for paragraphs 1-55.

## COUNT ONE: INFRINGEMENT OF FREEDOM OF SPEECH AND ASSOCIATION

57.     The County Defendants admit that Plaintiff has rights afforded and guaranteed to him under the First Amendment of the United States Constitution, but the County Defendants deny the remaining allegations as set forth in Paragraph 57 and that they violated Plaintiff's rights.

## COUNT TWO: ILLEGAL SEARCH AND SEIZURE OF ATTORNEY PHONE CALLS

58.     The County Defendants admit that Plaintiff has rights afforded and guaranteed to him under the Fourth Amendment of the United States Constitution, but the County Defendants deny the remaining allegations as set forth in Paragraph 58 any that they violated Plaintiff's rights.

## COUNT THREE: INTERFERENCE WITH THE ATTORNEY-CLIENT RELATIONSHIP

59.     The County Defendants admit that Plaintiff has rights afforded and guaranteed to him under the Sixth Amendment of the United States Constitution, but the County Defendants deny the remaining allegations as set forth in Paragraph 59 and that they violated Plaintiff's rights.

## COUNT FOUR: INTERFERENCE AND DENIAL OF ACCESS TO THE COURTS

60.     The County Defendants admit that Plaintiff has rights afforded and guaranteed to him under the Fourteenth Amendment of the United States Constitution, but the County

Defendants deny the remaining allegations as set forth in Paragraph 60 and that they violated Plaintiff's rights.

## COUNT FIVE: MONELL CLAIM AGAINST WILLIAMSON COUNTY AND ITS SHERIFF

61.     The County Defendants admit that they owed Plaintiff a duty to retain from engaging in knowing, willful, and reckless unlawful conduct and that Plaintiff has rights afforded to him under the United States Constitution.   The County Defendants deny the remaining allegations as set forth in Paragraph 61 and that they violated Plaintiff's rights.

## VIOLATIONS OF FEDERAL AND STATE LAW

62.     The County Defendants deny the allegations as set forth in Paragraph 62.

## STATE CLAIMS

63.     The County Defendants admit Plaintiff brings state law claims of invasion of privacy and unlawful concealment but deny Plaintiff is entitled to any relief.   The County Defendants deny the remaining allegations as set forth in Paragraph 63.

## PRAYER

64.     The County Defendants deny that Plaintiff is entitled to any recovery from the County Defendants by way of this action, and specifically deny that Plaintiff is entitled to the relief sought in his Prayer.

## REQUEST FOR RELIEF

## REQUEST ONE: COMPENSATORY DAMAGES

65.     Regarding Paragraph 65, the County Defendants admit that Plaintiff is seeking compensatory damages in the amount of $2,000,000.00, but the County Defendants deny that Plaintiff is entitled to any relief and deny the remaining allegations as set forth in Paragraph

65.

## REQUEST TWO: PUNITIVE DAMAGES

66.     Regarding Paragraph 66, the County Defendants admit that Plaintiff is seeking punitive damages in the amount of $5,000,000.00, but the County Defendants deny that Plaintiff is entitled to any relief and deny the remaining allegations as set forth in Paragraph 66.

## REQUEST THREE: COURT COSTS, ATTORNEY FEES AND ASSOCIATED EXPENSES

67.     Regarding Paragraph 67, the County Defendants admit that Plaintiff is seeking court costs, attorney fees and associated expenses, but the County Defendants deny that Plaintiff is entitled to any relief and deny the remaining allegations as set forth in Paragraph 67.

## DECLARATION

68.     To the extent paragraph 68 requires a response, the County Defendants reiterate their admissions and denials for paragraphs 1-67.

## THE COUNTY DEFENDANTS' AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without waiving the foregoing, the County Defendants assert the following specific denials, affirmative defenses, and/or non-affirmative defenses:

1.      The County Defendants would show that Plaintiff's claims against them are barred in their entirety by the Release of All Claims and Indemnity Agreement signed by Plaintiff on August 26, 2020.

2.      The County Defendants deny that Plaintiff has adequately pled the claims or has stated a claim for which relief may be granted.

3.      The County Defendants would show that, with respect to any state law claims against Sheriff Gleason in his individual capacity, those claims must be dismissed in favor of the claims against Williamson County.

4.      The County Defendants would show that Williamson County is entitled to governmental immunity, and that its immunity has not been waived.

5.      The County Defendants would show that claims against Sheriff Gleason in his official capacity are duplicative of claims against Williamson County and must be dismissed.

6.      The County Defendants would show that Sheriff Gleason is entitled to qualified immunity.

7.      The County Defendants deny violating any of Plaintiff's rights.

8.      The County Defendants deny that any alleged violation of the rights of Plaintiff were the result of an official policy or custom of Williamson County.

9.      The County Defendants would show that all acts or omissions that are the subject of this lawsuit were made in good faith, and were objectively reasonable, and deny that any alleged acts or omissions were undertaken maliciously, intentionally, with callous or deliberate indifference, knowingly, negligently, or with any other degree of culpability.

10.     The County Defendants invoke all statutory and common law damage caps with respect to Plaintiff's alleged damages.

11.    The County Defendants are entitled to all available credits and/or offsets provided by the Texas Civil Practice & Remedies Code and under Texas law and/or any other applicable law and/or statute.

12.    The County Defendants plead their entitlement to have the jury consider the percentage of fault of all claimants, responsible third parties, and settling persons as required by Texas Civil Practice & Remedies Code § 33.001 *et seq.*  In accordance with this section, the County Defendants may not be held jointly and severally liable for any amount of damages herein, *unless* the percentage of responsibility of each defendant, when compared with that of each responsible third party and each settling party is greater than fifty-percent (50%).  Texas Civil Practice & Remedies Code § 33.001 *et seq.*

13.    If Plaintiff was injured and damaged as alleged, which is specifically denied, then any recovery he may have against the County Defendants for such injuries must be proportionately reduced in accordance with the fault of Plaintiff or of third persons or parties over whose conduct the County Defendants have no control, consistent with the principles of comparative fault in force in this jurisdiction.

14.    In the event Plaintiff settles with any party who may be responsible, in whole or in part, for any of the alleged injuries and/or damages, the County Defendants plead their entitlement to have such person designated as a settling person under Texas Civil Practice & Remedies Code § 33.003.

15.    In the event Plaintiff files a non-suit or dismisses any party, whether a plaintiff or defendant, who may be responsible in whole or in part for any of the alleged injuries and/or damages, the County Defendants plead their entitlement to join and to file cross-

claims for contribution against such dismissed party and/or to designate such party as a responsible third party under Texas Civil Practice & Remedies Code § 33.004.

16.     The County Defendants state that the acts and damages alleged in Plaintiff's Amended Complaint, which damages are specifically denied, were the proximate result of acts and/or omissions of third parties, thereby barring recovery by Plaintiff from the County Defendants.

17.     The County Defendants state that Plaintiff herein suffered no damages as a result of the County Defendants' acts, if any.

The County Defendants reserve the right to amend this Answer and add additional defenses as discovery may warrant.

## **JURY DEMAND**

Pursuant to Federal Rules of Civil Procedure 38 and 39, the County Defendants hereby request a trial by jury on all issues of fact.

## **PRAYER**

Based on the foregoing, Defendants **SHERIFF MIKE GLEASON** and **WILLIAMSON COUNTY, TEXAS** respectfully pray Plaintiff has and recovers nothing of and from the County Defendants and that the County Defendants recover all costs.  The County Defendants further respectfully pray for such further relief to which they may show themselves justly entitled either in law or equity.

Respectfully submitted,

_____
**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
ljsimmons@germer.com
**Carmen Jo Rejda-Ponce – Of Counsel**
State Bar No. 24079149
Federal I.D. No. 1366666
crejdaponce@germer.com
**Tiffany Santhavi – Of Counsel**
State Bar No. 24103917
tsanthavi@germer.com
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**COUNSEL FOR DEFENDANTS,
SHERIFF MIKE GLEASON AND
WILLIAMSON COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that on the 24th day of June, 2022, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing, and served via certified mail, return receipt requested, and U.S. First Class Mail, on Plaintiff as follows:

Rodney A. Hurdsman #0217082
Texas Department of Criminal Justice
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601

_____
**Carmen Jo Rejda-Ponce**