IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODNEY A. HURDSMAN, *on behalf of himself and all others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-254-RP |
| MIKE GLEASON, *Sheriff of Williamson County, Texas*; COUNTY OF WILLIAMSON, TEXAS; COLLECT SOLUTIONS IC GROUP; and INMATE CALLING SOLUTIONS, *d/b/a* IC SOLUTIONS, | § § § § § § § § | |
| Defendants. | § | |

# ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Dustin Howell concerning Defendant Sheriff Mike Gleason's ("Gleason") Corrected Motion for Judgment on the Pleadings Pursuant to Rule 12(c), (Dkt. 55). (R. & R., Dkt. 65). Plaintiff Rodney A. Hurdsman ("Hurdsman") filed a response to the motion for judgment on the pleadings, (Dkt. 58), and Gleason filed a reply in support of the motion, (Dkt. 59). This Court referred the motion to Judge Howell, and pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, he returned his report and recommendation on September 14, 2023. (R. & R., Dkt. 65). Gleason and Hurdsman timely filed objections to the report and recommendation. (Gleason Objs., Dkt. 72; Hurdsman Objs., Dkt. 70). Gleason and Hurdsman also filed responses to each other's objections. (Gleason Objs. Resp., Dkt. 74; Hurdsman Objs. Resp., Dkt. 75).

1

## I. DISCUSSION

Hurdsman brought claims under (1) the First Amendment (pursuant to 28 U.S.C. § 1983); (2) the Fourth Amendment (pursuant to 28 U.S.C. § 1983); (3) the Sixth Amendment (pursuant to 28 U.S.C. § 1983); (4) the Fourteenth Amendment (pursuant to 28 U.S.C. § 1983); (5) *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978); (6) the federal and Texas state wiretapping statutes; and (7) several other state law claims. (First Am. Compl., Dkt. 17, at 12–16). Hurdsman requested both compensatory and punitive damages, as well as attorney's fees and costs. (*Id.* at 16–17). Hurdsman also requested to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. (*Id.* at 5).

The report and recommendation recommended dismissing with prejudice the following claims: Hurdsman's § 1983 claims against Gleason in his official capacity, the *Monell* claims against Gleason in his official and individual capacities, Hurdsman's First Amendment claims, his state law claims against Gleason in his individual capacity, and Hurdsman's class action and wiretapping claims. (R. & R., Dkt. 65, at 20–21). The report and recommendation also recommended dismissing without prejudice Hurdsman's Fourteenth Amendment claim. (*Id.* at 21). It recommended against dismissing his Fourth Amendment search and seizure claim, his Sixth Amendment interference claim, and his punitive damages claim. (*Id.* at 19, 21). The report and recommendation also recommended denying Hurdsman's "request for leave to amend included in his response." (*Id.* at 20).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When

2

no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). When objections are made to parts of the report and recommendation but not others, the Court can apply the applicable standards to the different parts.

Hurdsman objected "to the R&R to the extent it recommends dismissal of the following claims: (1) Hurdsman's claims against Gleason individually under the federal wiretapping statute; and (2) Hurdsman's § 1983 claims under the First Amendment." (Hurdsman Objs., Dkt. 70, at 2).[1] Gleason objected to the report and recommendation to the extent it recommended denying his motion "with respect to Hurdsman's Fourth Amendment cause of action, Sixth Amendment cause of action, and claim for punitive damages." (Gleason Objs., Dkt. 72, at 2). Therefore, collectively, Hurdsman and Gleason have objected to the report and recommendation with regard to (1) Hurdsman's claims against Gleason individually under the federal wiretapping statute; (2) Hurdsman's § 1983 claims under the First Amendment; (3) Hurdsman's Fourth Amendment claim; (4) Hurdsman's Sixth Amendment claim; and (5) Hurdsman's punitive damages claim.

Hurdsman and Gleason have not objected to the report and recommendation with regard to (1) Hurdsman's § 1983 claims against Gleason in his official capacity; (2) Hurdsman's *Monell* claims against Gleason in his official and individual capacities; (3) Hurdsman's state law claims against Gleason in his individual capacity; (4) Hurdsman's class action claims; and (5) Hurdsman's Fourteenth Amendment claim.

The Court will review the portions of the report and recommendation without objections for clear error. The Court will review the portions of the report and recommendation with objections *de novo*.

---

[1] Hurdsman previously indicated "that he did not contest dismissal of certain claims against Gleason, including: (1) § 1983 claims against Gleason in his official capacity; (2) state law claims against Gleason in his individual capacity; and (3) class claims." (Hurdsman Objs., Dkt. 70 (citing 12(c) Mot. Resp., Dkt. 58, at 2)).

### A. Review for Clear Error

The report and recommendation recommended dismissing with prejudice "Hurdsman's § 1983 claims against Gleason in his official capacity, the *Monell* claims against Gleason in his official and individual capacities, . . . his state law claims against Gleason in his individual capacity," and "Hurdsman's class action" claim. (R. & R., Dkt. 65, at 20–21). The report and recommendation also recommended dismissing without prejudice "Hurdsman's § 1983 Fourteenth Amendment right of access to the courts claim." (*Id.* at 21).

Hurdsman and Gleason have not objected to these portions of the report and recommendation: (1) Hurdsman's § 1983 claims against Gleason in his official capacity; (2) Hurdsman's *Monell* claims against Gleason in his official and individual capacities; (3) Hurdsman's state law claims against Gleason in his individual capacity; (4) Hurdsman's class action claims; and (5) Hurdsman's Fourteenth Amendment claim. Accordingly, the Court reviews these portions of the report and recommendation without objections for clear error.

Having reviewed these portions of the report and recommendation for clear error and finding no clear error, the Court accepts and adopts these portions of the report and recommendation as its own order. Accordingly, the Court dismisses with prejudice: (1) Hurdsman's § 1983 claims against Gleason in his official capacity; (2) Hurdsman's *Monell* claims against Gleason in his official and individual capacities; (3) Hurdsman's state law claims against Gleason in his individual capacity; (4) Hurdsman's class action claims. The Court also dismisses without prejudice Hurdsman's Fourteenth Amendment claim.

### B. *De Novo* Review

The report and recommendation recommended dismissing with prejudice Hurdsman's "wiretapping claims under 18 U.S.C. § 2511(a)" and "First Amendment protected speech and freedom of association claim." (R. & R., Dkt. 65, at 20–21). The report and recommendation

recommended against dismissing "Hurdsman's § 1983 Fourth Amendment search and seizure claim and Sixth Amendment interference with attorney-client relationship claim." (R. & R., Dkt. 65, at 21). The report and recommendation also recommended against dismissing "Hurdsman's claims for punitive damages." (*Id.* at 19).

Hurdsman and Gleason timely objected to these portions of the report and recommendation: (1) the federal wiretapping claim; (2) the § 1983 claims under the First Amendment; (3) the Fourth Amendment claim; (4) the Sixth Amendment claim; and (5) the punitive damages claim. Accordingly, the Court reviews those portions of the report and recommendation *de novo*. The Court adopts the factual background and legal standard in the report and recommendation. (R. & R., Dkt. 65, at 1–5).

### 1. Hurdsman's Federal Wiretapping and First Amendment Claims

Hurdsman objected "to the R&R to the extent it recommends dismissal of the following claims: (1) Hurdsman's claims against Gleason individually under the federal wiretapping statute; and (2) Hurdsman's § 1983 claims under the First Amendment." (Hurdsman Objs., Dkt. 70, at 2). Gleason filed a response to Hurdsman's objections. (Gleason Objs. Resp., Dkt. 74).

Regarding his federal wiretapping claim, Hurdsman argues that he "did not specifically address the wiretapping claim in his Response solely because Gleason did not specifically move to dismiss it in his Rule 12(c) Motion." (Hurdsman Objs., Dkt. 70, at 3). The Fifth Circuit recognizes that parties can waive claims and arguments. *See, e.g.*, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 592 (5th Cir. 2006); *United States v. Stanley*, 595 F. App'x 314, 317 (5th Cir. 2014) (unpublished). Here, Gleason did not specifically move regarding Hurdsman's federal wiretapping claim. In his motion for judgment on the pleadings, Gleason asserts that he seeks "dismissal of all the causes of action asserted against him." (12(c) Mot., Dkt. 55, at 1). Gleason devotes subsections of his motion to arguing for the dismissal of Hurdsman's § 1983 claims, Hurdsman's punitive damages claim,

Hurdsman's state law claims, and Hurdsman's class action claim. (*Id.* at 7–14). The only time Gleason mentions Hurdsman's wiretapping claim is in summarizing the lawsuit: "Hurdsman further alleges federal and state claims for wiretapping." (*Id.* at 2). A party cannot move for relief without substantiating the basis for doing so. By failing to substantiate any basis for dismissing Hurdsman's federal wiretapping claim, Gleason did not adequately move for that claim's dismissal. Accordingly, the Court will not dismiss this claim.

Regarding his § 1983 First Amendment claim, Hurdsman argues that he "did not engage in an in-depth analysis of all of [his constitutional] rights because Gleason did not challenge them in his Motion." (Hurdsman Objs., Dkt. 70, at 7). Gleason moved to broadly dismiss all of Hurdsman's constitutional claims. (12(c) Mot., Dkt. 55, at 7–11). The only time Gleason specifically mentioned Hurdsman's First Amendment claim was when he summarized the lawsuit, noting that "Hurdsman alleges numerous constitutional claims pursuant to" § 1983, including a "First Amendment infringement of freedom of speech and association" claim. (*Id.* at 2). The rest of Gleason's motion consists of a general argument for the dismissal of all of Hurdsman's constitutional claims. Because Gleason did not engage in a specific analysis arguing for dismissal of subsets of Hurdsman's § 1983 First Amendment claim, the Court finds that it should not dismiss any portion of Hurdsman's claim that Gleason violated his "right to freedom of protected speech and association." (First Am. Compl., Dkt. 17, at 12–13). The Court also clarifies that because Hurdsman did not allege in his complaint that his First Amendment right of access to the courts was violated, Hurdsman cannot add this claim through his response to Gleason's motion for judgment on the pleadings. (12(c) Mot. Resp., Dkt. 58, at 5). For the reasons enumerated in the report and recommendation, the Court finds that qualified immunity does not apply to Hurdsman's First Amendment claim. (R. & R., Dkt. 65, at 7–17 (finding that Gleason was not entitled to qualified immunity on his Fourth Amendment or Sixth Amendment claims)). In a previous order, the Court discussed Hurdsman's First

6

Amendment claim and denied a different defendant's motion to dismiss his First Amendment cause of action. For the reasons set forth in that order, the Court will not dismiss Hurdsman's First Amendment claim against Gleason. (Order, Dkt. 36, at 11–12).

Therefore, having reviewed these portions of the report and recommendation *de novo*, the Court rejects the report and recommendation with respect to Hurdsman's federal wiretapping and § 1983 First Amendment claims. Accordingly, the Court will not dismiss these two claims.

**2. Hurdsman's Fourth Amendment, Sixth Amendment, and Punitive Damages Claims**

Gleason objected to the report and recommendation to the extent it recommended denying his motion "with respect to Hurdsman's Fourth Amendment cause of action, Sixth Amendment cause of action, and claim for punitive damages." (Gleason Objs., Dkt. 72, at 2). Hurdsman filed a response to Gleason's objections. (Hurdsman Objs. Resp., Dkt. 75). Having reviewed these portions of the report and recommendation *de novo* and for the reasons given in the report and recommendation, the Court overrules Gleason's objections and adopts the report and recommendation as its own order with respect to Hurdsman's Fourth Amendment, Sixth Amendment, and punitive damages claims. Accordingly, the Court will not dismiss these three claims.

**II. LEAVE TO AMEND**

The report and recommendation also recommended denying Hurdsman's "request for leave to amend included in his response" because "Hurdsman has not included an executed copy of his proposed amended pleading" as required by Local Rules CV-15(b) and CV-7(b). (R. & R., Dkt. 65, at 20). The Court agrees with the analysis in the report and recommendation. The Court requires parties to file separate pleadings or motions for separate purposes. *See* W.D. Tex. Admin. Pol. & Proc. for Electronic Filing in Civil and Criminal Cases § 12(e) ("Each filing must consist of only one

7

pleading. Multiple pleadings . . . must be filed as separate documents."). Hurdsman may file a separate motion for leave to amend his complaint if he so wishes.

## III. CONCLUSION

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Dustin Howell, (R. & R., Dkt. 65), is **ADOPTED IN PART AND REJECTED IN PART**. The report and recommendation is **ADOPTED** with regard to (1) Hurdsman's § 1983 claims against Gleason in his official capacity; (2) Hurdsman's *Monell* claims against Gleason in his official and individual capacities; (3) Hurdsman's state law claims against Gleason in his individual capacity; (4) Hurdsman's class action claims; (5) Hurdsman's Fourteenth Amendment claim; (6) Hurdsman's Fourth Amendment claim; (7) Hurdsman's Sixth Amendment claim; and (8) Hurdsman's punitive damages claim. The report and recommendation is **REJECTED** with regard to (9) Hurdsman's federal wiretapping claim; and (10) Hurdsman's § 1983 claim under the First Amendment.

**IT IS FURTHER ORDERED** that the following claims are **DISMISSED WITH PREJUDICE**:

(1) Hurdsman's § 1983 claims against Gleason in his official capacity;
(2) Hurdsman's *Monell* claims against Gleason in his official and individual capacities;
(3) Hurdsman's state law claims against Gleason in his individual capacity; and
(4) Hurdsman's class action claims.

**IT IS FURTHER ORDERED** that Hurdsman's Fourteenth Amendment claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FINALLY ORDERED** that Hurdsman may file a separate motion for leave to amend his complaint on or before February 2, 2024.

**SIGNED** on January 12, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE