IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODNEY A. HURDSMAN, *on behalf of himself and all others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-254-RP |
| MIKE GLEASON, *Sheriff of Williamson County, Texas*; COUNTY OF WILLIAMSON, TEXAS; COLLECT SOLUTIONS IC GROUP; and INMATE CALLING SOLUTIONS *d/b/a* IC SOLUTIONS, | § § § § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendants Sheriff Mike Gleason ("Gleason") and Williamson County's (collectively, the "County Defendants") Motion For Permission To Appeal Interlocutory Orders And For Stay Pending Appeal. (Dkt. 78). Plaintiff Rodney A. Hurdsman ("Hurdsman") filed a response in opposition, (Dkt. 80), and the County Defendants filed a reply, (Dkt. 81). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the motion should be denied.

### I. BACKGROUND

This is a prisoner's civil rights case arising from the alleged recording of privileged phone calls between Hurdsman and his attorney while Hurdsman was a pretrial inmate at the Williamson County Correctional Facility. (Am. Compl., Dkt. 17, at 8–9). Hurdsman brought claims under (1) the First Amendment (pursuant to 28 U.S.C. § 1983); (2) the Fourth Amendment (pursuant to 28 U.S.C. § 1983); (3) the Sixth Amendment (pursuant to 28 U.S.C. § 1983); (4) the Fourteenth Amendment (pursuant to 28 U.S.C. § 1983); (5) a municipal liability claim under *Monell v. Dep't of Soc. Servs. of the*

*City of New York*, 436 U.S. 658 (1978); (6) the federal and Texas state wiretapping statutes; and (7) several other state statutes. (*Id.* at 12–16). Hurdsman requested both compensatory and punitive damages, as well as attorney's fees and costs. (*Id.* at 16–17). Hurdsman also requested to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. (*Id.* at 5). On January 12, 2024, the Court issued an order adopting in part and rejecting in part the report and recommendation of United States Magistrate Judge Dustin Howell, (R. & R., Dkt. 65), concerning Gleason's Corrected Motion for Judgment on the Pleadings Pursuant to Rule 12(c), (Dkt. 55). (Order, Dkt. 77). Accordingly, some of Hurdsman's claims survived, while some were dismissed. On February 5, 2024, the Court granted Hurdsman's unopposed motion for leave to file a second amended complaint. (Dkt. 83).

On March 21, 2023, the Court denied the County Defendants' Motion for Summary Judgment, (Dkt. 26). (Dkt. 36). The County Defendants argued that a prior settlement agreement between them and Hurdsman contains a valid settlement release that bars Hurdsman's current claims. (*Id.*). The Court denied summary judgment on the basis that the private settlement agreement was not enforceable under the Prison Litigation Reform Act ("PLRA"). (Order, Dkt. 36). On April 18, 2023, the County Defendants filed a Motion for Reconsideration of the Court's order denying their motion for summary judgment. (Dkt. 40). On December 14, 2023, the Court denied the motion for reconsideration. (Dkt. 76).

On January 16, 2024, the County Defendants filed their Motion For Permission To Appeal Interlocutory Orders And For Stay Pending Appeal. (Dkt. 78). The County Defendants request that the Court grant them leave to appeal the Court's interlocutory orders denying their motion for summary judgment, (Dkt. 36), and their motion for reconsideration of that order, (Dkt. 76). (Dkt. 78, at 1). Hurdsman filed a response in opposition, (Dkt. 80), and the County Defendants filed a reply, (Dkt. 81).

## II. LEGAL STANDARD

28 U.S.C. § 1292(b) permits a district judge to, under certain circumstances, certify an issue for interlocutory appeal. The statute reads in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Thus, the movant must convince the Court (1) that its order involved "a controlling question of law," (2) that there is "substantial ground for difference of opinion" about the question of law, and (3) that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). "All three of these criteria must be met for an order to properly be certified for interlocutory appeal." *Crankshae v. City of Elgin*, 2020 WL 1866884, at *1 (W.D. Tex. Apr. 14, 2020) (citing *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983)). "The burden of demonstrating the necessity of an interlocutory appeal is on the moving party." *In re L.L.P. & D. Marine, Inc.*, 1998 WL 66100, at *1 (E.D. La. Feb. 13, 1998) (citing *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994)).

"Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Mae v. Hurst*, 613 Fed. Appx. 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)). "The purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" in which the statutory criteria are met. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985); *accord Clark–Dietz*, 702 F.2d at 69 ("Section 1292(b) appeals are exceptional."). Further, "[t]he decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster Near New Orleans,*

*La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th. Cir. 1987), *vacated on other grounds by Pan Am. World Airways, Inc. v. Lopez,* 490 U.S. 1032, 1033 (1989); *see Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals."); *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 405 n.9 (2004) (Ginsburg, J., dissenting) ("[T]he decision whether to allow an [interlocutory] appeal lies in the first instance in the District Court's sound discretion.").

### III. DISCUSSION

In determining whether to certify a ruling for interlocutory appeal, all three requirements must exist to justify granting this extraordinary remedy. *See Crankshae*, 2020 WL 1866884, at *1. The Court finds that this is not one of those exceptional cases that so merits such exceptional relief, as there is no controlling question of law nor a substantial ground for difference of opinion about the question of law, nor is an appeal likely to materially advance the termination of the litigation. This Court retains discretion under Section 1292(b) to deny certification if the moving party has not met all three elements, and the Court finds that the County Defendants have not done so.

### A. A Controlling Question of Law

There is no controlling question of law here. Generally, when determining whether there is a controlling question of law, courts examine the ruling's "potential to have some impact on the course of the litigation." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). At one end of the continuum, courts have found issues to be controlling "if reversal of the district court's opinion would result in dismissal of the action." *Strougo v. Scudder, Stevens & Clark, Inc.*, No. 96 CIV. 2136(RWS), 1997 WL 473566, at *7 (S.D.N.Y. Aug. 18, 1997) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)) (other citations omitted). An issue of law has also been termed controlling where "the certified issue has precedential value for a large number of cases." *Id.* On the other hand, an issue is not controlling if its resolution on appeal "would have little or no effect on

4

subsequent proceedings." John C. Nagel, Note, *Replacing the Crazy Quilt of Interlocutory Appeals Jurisprudence with Discretionary Review*, 44 Duke L.J. 200, 212 (1994).

The Court finds that early appellate review will not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The County Defendants request that this Court "stay the trial court proceedings pending resolution of the appeal of the interlocutory order." (Mot. Int. App., Dkt. 78, at 7). Yet Hurdsman still has live claims pending against another Defendant, Inmate Calling Solutions, in this same action. An interlocutory appeal would prolong a resolution in this case, which is especially problematic as the parties have already engaged in discovery. Discovery is ongoing and is set to be completed by July 15, 2024. (*See* Scheduling Order, Dkt. 57, at 2). Accordingly, this factor counsels against certification.

**B. A Substantial Ground for Difference of Opinion About the Question of Law**

The Court also finds that there is not a substantial ground for difference of opinion about the question of law involved in the issue of whether Hurdsman's claims are barred by a previous settlement release. A "substantial ground for difference of opinion" typically exists where: (1) "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue;" (2) "the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point;" (3) "complicated questions arise under foreign law;" or (4) "novel and difficult questions of first impression are presented." *Holcombe v. United States*, No. 5:18-CV-1151, 2019 WL 13080126, at *2–3 (W.D. Tex. Sept. 10, 2019) (quoting *Ryan*, 444 F. Supp. 2d at 723–24). None of these scenarios exist here.

The County Defendants sought summary judgment on the basis that all of Hurdsman's claims in the instant case were barred by a settlement release that Hurdsman and the County Defendants entered into during the course of a previous lawsuit. (Mot. Summ. J., Dkt. 26, at 2). The

Court denied summary judgment on the basis that the private settlement agreement was not enforceable under the PLRA, as codified at 18 U.S.C. § 3626:

> The settlement agreement and release are clear: in exchange for compensation, Hurdsman agreed to release the County Defendants from any and all state and federal claims based on his incarceration in WCCF. However, the PLRA is also clear: a party seeking to enforce a settlement agreement can do so only by reinstating the civil suit the private agreement settled or by seeking any state law remedy available in state court. Accordingly, the Court cannot enforce the settlement agreement from *Hurdsman I* [the previous litigation] by dismissing Hurdsman's claims in this new litigation. The County Defendants' Motion for Summary Judgment is therefore denied.

(Order, Dkt. 36, at 3–8).

Regarding the first *Holcombe* factor, the Court's prior ruling is not "contrary to the rulings of all Courts of Appeals which have reached the issue." *Holcombe*, 2019 WL 13080126, at *2–3. As Hurdsman points out, the "County Defendants point to cases where prior settlement agreements were enforced without implicating the PLRA." (Resp., Dkt. 80, at 3–4). Furthermore, the only appellate case that the County Defendants name regarding a prior settlement agreement is an unpublished Seventh Circuit opinion—which does not discuss the PLRA. (*See* Mot. Int. App., Dkt. 78, at 5 (citing *Moore-Bey v. DelRosario*, 21 F. App'x 467, 468–69 (7th Cir. 2001) (unpublished))). This is insufficient to suggest that this Court's ruling is contrary to that of the appellate courts. Accordingly, the first *Holcombe* factor does not apply.

The second *Holcombe* factor also is not satisfied here. As noted above, the circuit courts are not in dispute over this issue. Therefore, the County Defendants' main argument—that the Fifth Circuit has not yet ruled on this issue—is unpersuasive. As the County Defendants have repeatedly stated, there is a dearth of case law in the Fifth Circuit on the issues raised in this case. (*See, e.g.*, Mot. Recons., Dkt. 40, at 1 ("ask[ing] that the Court consider persuasive case law from other jurisdictions given the lack of case law in this Circuit directly addressing the narrow issues presented here"); (Mot. Int. App., Dkt. 78, at 4 ("[T]here is an absence of case law in this Circuit that is directly on point.");

*id.* at 5 ("The County Defendants could not find any cases within this Circuit presenting identical or substantially similar issues as here, and none are cited in the Court's Orders or in Hurdsman's responsive pleadings.")). The crux of the County Defendants' argument in their motion for interlocutory certification is that "there is an absence of case law in this Circuit that is directly on point." (Mot. Int. App., Dkt. 78, at 4). But without a dispute among the other circuit courts, this is not enough under the *Holcombe* factors.

The third *Holcombe* factor is also easily dispensed with. This case does not involve foreign law.

The fourth *Holcombe* factor also counsels against certification, as this case does not present such "novel and difficult questions of first impression" as to justify certifying an interlocutory appeal. *Holcombe*, 2019 WL 13080126, at *2–3. "'[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" *Texas v. Ysleta del Sur Pueblo*, 370 F. Supp. 3d 705, 710 (W.D. Tex. 2018) (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). Just because the parties and the Court have been unable to find case law on the precise issue in this case "does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). Accordingly, the Court finds that this factor also weighs against certifying the issue for appeal.

While the Court notes that the County Defendants are emphatic in their disagreement with the Court's holding regarding the previous settlement agreement, the third time is not the charm for the County Defendants. Having already twice found that the private settlement agreement is not enforceable under the PLRA, the Court for a third time has reviewed the case law regarding this matter and has determined that there is not a substantial ground for difference of opinion here. "A party's disagreement with the district court's ruling" cannot establish a substantial ground for

difference of opinion sufficient to satisfy the statutory requirements for an interlocutory appeal because if it could, "'then the majority of orders issued by district courts would be ripe for interlocutory appeal.'" *Holcombe*, 2019 WL 13080126, at *3 (quoting *Texas v. Ysleta del Sur Pueblo*, 370 F. Supp. 3d 705, 710 (W.D. Tex. 2018)). Accordingly, the Court finds that the second requirement for certification is not met.

### C. Material Advancement of the Ultimate Termination of the Litigation

Finally, the Court finds that certification would not advance the ultimate termination of the litigation were the Court of Appeals to reverse this Court's decision to deny the County Defendants' motion for summary judgment since another Defendant remains a party to the case, as discussed above. Accordingly, the Court finds that it need not delve further into this factor given that the other two requirements for certification have not been met. Therefore, the Court will decline to certify the issue for appeal.

### IV. CONCLUSION

For the foregoing reasons, the County Defendants' Motion For Permission To Appeal Interlocutory Orders And For Stay Pending Appeal, (Dkt. 78), is **DENIED**. As the Court has denied the motion to certify interlocutory appeal, there is no need to consider the County Defendants' request for a stay pending appeal.

**SIGNED** on February 8, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE