IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODNEY A. HURDSMAN, *on behalf of himself and all others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-254-RP |
| MIKE GLEASON, *Sheriff of Williamson County, Texas*, COUNTY OF WILLIAMSON, TEXAS, and INMATE CALLING SOLUTIONS *d/b/a* IC SOLUTIONS, | § § § § § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendant Inmate Calling Solutions d/b/a IC Solutions's ("ICS") Motion for Summary Judgment, (Dkt. 105), and the related briefing, (Dkts. 123, 124, 125, 126). Having considered the parties' submissions, the record, and the applicable law, the Court will grant ICS's motion for summary judgment.

**I. BACKGROUND**

Plaintiff Rodney A. Hurdsman ("Hurdsman") was confined at the Williamson County Correctional Facility ("WCCF") as a pretrial inmate from April 27, 2015, to July 7, 2017. (2d Am. Compl., Dkt. 83, at 4). While at WCCF, Hurdsman used the WCCF inmate phone system to make calls to his retained and court appointed attorneys. (*Id.* at 5). That phone system was provided by ICS. (*Id.* at 3). Hurdsman alleges he informed Defendant Mike Gleason and other WCCF representatives that he was making these calls and that they should be designated private attorney calls. (*Id.*). Yet, Hurdsman's calls with his attorneys were recorded and digitally stored. (*Id.* at 7). Hurdsman further alleges those recordings were then provided to law enforcement. (*Id.*).

Hurdsman brings claims against Mike Gleason, Sheriff of Williamson County, Texas, Williamson County itself (together, the "County Defendants"), and ICS, alleging claims of wiretapping and invasion of privacy and violations of his constitutional rights. (*Id.* at 10–13). Hurdsman brings his constitutional claims pursuant to 28 U.S.C § 1983. (*Id.* at 1).

ICS previously moved to dismiss[1] Hurdsman's claims, on the grounds that 1) ICS is not a state actor and therefore not subject to liability under § 1983; and 2) Hurdsman fails to state his other claims. (Dkt. 29). The Court denied ICS's motion to dismiss, finding Hurdsman's allegations sufficient at that stage. (Order, Dkt. 36, at 8–20). In particular, the Court found, taking Hurdsman's allegations as true, the allegations were sufficient to establish joint action between ICS and the County Defendants, making ICS a state actor for the purposes of claims pursuant to 28 U.S.C § 1983. (*Id.* at 11).

ICS now moves for summary judgment. (Dkt. 105). ICS argues that "it is clear that ICS was not acting under color of state law because the evidence shows that it did nothing more than provide an inmate calling service to WCCF." (*Id.* at 8). For the same reason—that ICS was a passive provider rather than an intentional participant in the recording of Hurdsman's calls—ICS argues Hurdsman's wiretapping and invasion of privacy claims should be dismissed.[2]

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute regarding a material fact is "genuine" if the evidence

---

[1] ICS moved to dismiss Hurdsman's First Amended Complaint. (*See* Dkt. 29). Hurdsman's Second Amended Complaint, (Dkt. 83), is the live complaint.
[2] ICS also moves for dismissal of Hurdsman's First and Fourteenth Amendment access-to-courts claim against ICS. (Dkt. 105, at 13). Hurdsman does not oppose dismissal of his access-to-courts claim against ICS. (Dkt. 123, 10 n.9). Accordingly, the Court grants ICS's motion as to Hurdsman's access-to-courts claim against ICS.

is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations and footnote omitted). When reviewing a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Further, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Furthermore, the nonmovant is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000).

### III. DISCUSSION

### A. Constitutional Claims

"To bring a claim under Section 1983, a plaintiff must first show state action." *Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 443 (5th Cir. 2025). "A private entity can qualify as a state actor in a few limited circumstances." *Id.* (citing *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802 (2019)). The Supreme Court has utilized a number of tests to assess these circumstances. *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). Relevant here, "under the 'joint action test,' private actors will be considered state actors where they are 'willful participant[s] in joint action with the State or its agents.'" *Id.* (quoting *Dennis v. Sparks*, 449 U.S. 24 (1980)). "Joint action requires an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right, and that the private actor was a willing participant in joint activity with the state or its agents." *Pearson*, 133 F.4th at 444 (quotation omitted).

Other courts have found that allegations that a private actor provided telephone services to a state facility, without more involvement in the challenged conduct, are insufficient to transform the private actor into a state actor for purposes of Section 1983. *See Wertz v. Inmate Calling Sols., LLC*, No. 2:23-CV-01045-CCW, 2024 WL 989405, at *5–7 (W.D. Pa. Mar. 7, 2024); *see also Streater v. Thaler*, No. 9:11CV68, 2012 WL 3308109, at *13–14 (E.D. Tex. July 2, 2012), *report and recommendation adopted*, 2012 WL 3308105 (E.D. Tex. Aug. 13, 2012). Here, ICS argues that the evidence establishes it merely provided the calling system and otherwise did not willfully participate in the recording of Hurdsman's calls. (Dkt. 105, at 8–9). The summary judgment evidence submitted by the parties supports the following facts.

Hurdsman was making calls on a system provided by ICS pursuant to a contract with Williamson County. (Dkt. 105-3). The default setting on the ICS calling system is for all calls to be recorded. (Dkt. 123-2, 28:9–16). For a call to not be recorded, a "do not record" box must be

4

checked on the account for one of the phone numbers participating in the call. (*Id.*, at 28:4–12). Even if a phone number is marked as "attorney" or "privileged," the "do not record box" must be checked to avoid a call being recorded. (*Id.* at 28:13–30:14). After ICS provides the calling system, checking these boxes is left up to the facility. (*Id.* at 48:6–8). Another part of ICS's service is storing recordings in its data storage center. (*Id.* at 17:1–7). ICS can access the recordings but does not review them, (*id.* at 39:4-6, 57:11–14), and ICS takes the position that the recordings are the property of the customer, (*id.* at 57:3–5).

After reviewing the evidence, the Court finds no material issue of fact regarding if ICS is a state actor; ICS's actions do not rise to the level of joint action with the state. State action via the joint action test requires a meeting of the minds between the private actor and the state actor, and willful participation on behalf of the private actor. *Pearson*, 133 F.4th at 444. Here, ICS merely provided a service to Williamson County, and that service was then used by the County Defendants to take allegedly unconstitutional actions. There is no evidence that there was a meeting of minds between ICS and the County Defendants to record Hurdsman's calls. Instead, the evidence shows operation of the call system was passed off from ICS to the facility, leaving it to WCCF employees, not ICS, to change and control the settings to ensure privileged calls were not recorded. (Dkt. 123-3, at 48:6–8; 35:3–12). Neither ICS's system having a default setting nor ICS storing the recordings makes ICS a willing participant in the recording of Hurdsman's calls. The evidence establishes ICS does not, in practice, exercise oversight of the system settings or review the recordings, (*id.* at 48:6–8, 57:11–21), suggesting ICS was unaware that Hurdsman's privileged calls were being recorded. All of ICS's actions here—which amount to providing the calling system with a default setting and storing recordings—are too passive to constitute joint action with the state.

Hurdsman argues ICS failed to take certain actions, like failing to include a contract provision preventing the County from recording privileged calls. (*Id.* at 6). Hurdsman also argues

5

that ICS has access to the system settings, so in theory it could have prevented the recording of Hurdsman's calls by changing the settings itself. (*Id.* at 11). But, when assessing whether ICS's actions constitute state action, the issue is not whether ICS could have or should have prevented the recording of Hurdsman's calls, but rather, whether there is any evidence that ICS willingly participated in that challenged conduct. The Court finds none, and therefore ICS is entitled to summary judgment on Hurdsman's constitutional claims.

### B. Wiretapping and Invasion of Privacy

The Court finds ICS is also entitled to summary judgment on Hurdsman's wiretapping and invasion of privacy claims. Hurdsman's wiretapping claims require him to prove ICS intentionally intercepted his electronic communications,[3] *Larson v. Hyperion Int'l Techs., L.L.C.*, 494 F. App'x 493, 497 (5th Cir. 2012), and his invasion of privacy claim requires him to prove ICS intentionally intruded on his solitude, seclusion, or private affairs, *Clayton v. Wisener*, 190 S.W.3d 685, 696 (Tex. App. 2005). Hurdsman argues that ICS's practice of storing any recorded calls, "[t]ogether with its admission that the default setting on the ICS Calling System is to record all calls, regardless of the attorney designation[,]" evidences ICS's intention to record Hurdsman's confidential calls. (Dkt. 123, at 11–12).

The Court finds that in the same way that the default setting and storage practices are insufficient to prove joint action, so too are they insufficient to prove ICS had intent to record Hurdsman's privileged calls. As explained above, there is no evidence that ICS was involved with the decision to record Hurdsman's calls, much less that ICS had any intention to do so. Rather, the evidence shows that ICS's system had the means to not record calls, and it is impossible for the

---

[3] 18 U.S.C. § 2511(1); Tex. Penal Code § 16.02(b); *see also Alameda v. State,* 235 S.W.3d 218, 225 (Tex. Crim. App. 2007) (Keller, J., concurring) (observing language of the Texas wiretap statute is "virtually identical" to the federal wiretap statute).

system to record calls properly marked as "do not record." (*Id.* at 38:12–15). It was the County Defendants' responsibility to designate calls as "do not record." (*Id.* at 48:6–8). The fact that ICS did not take affirmative actions to prevent Hurdsman's calls from being recorded does not equate to intention, as Hurdsman suggests. (*See* Dkt. 123, at 11). Therefore, without any evidence to create a material question of fact regarding whether ICS intended to record Hurdsman's privileged calls, ICS is entitled to summary judgment on Hurdsman's wiretapping and invasion of privacy claims.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that ICS's Motion for Summary Judgment, (Dkt. 105), is **GRANTED**. ICS is entitled to summary judgment as to all of Hurdsman's claims against it.

**IT IS FURTHER ORDERED** that ICS is **TERMINATED** as a party in this case.

**SIGNED** on May 22, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE